UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR MOLINA and SYLVIA GARCIA, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>DOLLAR TREE STORES, INC., a Virginia Corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.  SACV12-1428 JST (FFMx)<br><br>Orange County Superior Court Case No. 30-2012-00585338-CU-OE-CJC<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>**Note changes made by Court.**<br><br>TRIAL DATE:  November 5, 2013 |

## GOOD CAUSE HAVING BEEN SHOWN BY THE STIPULATION OF THE PARTIES, IT IS HEREBY ORDERED AS FOLLOWS:

1.    In connection with discovery and other proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential Information" under the terms of this Stipulated Protective Order ("Order").  Neither party shall designate any discovery material as "Confidential Information" without first making a determination that the information is properly subject to protection under Fed. R. Civ. P. 26(c) and that such protection is warranted in good faith. "Confidential Information" shall not be disclosed except as provided for herein.

/ / /

2. Confidential Information" includes:

a. Information that any party reasonably believes has not lawfully been made public and which concerns or relates to the personnel information, processes, objectives, strategies, plans, advertising, methodologies, procedures, operations, type of work, products, services, sales, purchases, transfers, identification of customers, customer information, bank and payroll related agreements, policies, marketing plans, vendor information, profit margins, product quantities and costs amount or source of income, costs, profits, losses, financial information, business forecasts, or expenditures of any person, firm, partnership, corporation, or other organization or organizational structure, if the disclosure of such information has the effect of causing harm or potential harm to the competitive position or privacy rights of the person, firm, partnership, corporation, or to the organization from which the information was obtained or of third parties, including but not limited to persons transacting business with any of the parties to this action.

b. The personnel records of current or former employees or applicants of Defendant, Defendant's parent company and affiliates, or non-parties acquired by or otherwise associated with Defendant; and,

c. Any sensitive or private personal information, such as social security numbers, driver's license numbers, home or business addresses, home or business phone numbers for any individual, financial or tax information, and medical information.

3. Documents that are confidential under this Order shall be so designated by writing, typing, stamping or otherwise affixing the legend "Confidential Information" (and such other and further legend as may reasonably be included to specify such confidentiality) on copies of the document. Stamping the legend "Confidential Information" on the cover of any multi-page document (or on the cover of a disk containing electronic data) shall designate all pages of the document as confidential, and all data contained on a disk as confidential, unless otherwise

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

2.

1  indicated by the producing party.  Confidential documents (including deposition

2  transcripts) also may be so designated after production by written communication and

3  reproduction with a "Confidential Information" legend for purposes of substitution of

4  the original documentation, and all parties shall use their best efforts to ensure that no

5  prior disclosure shall be used or re-disclosed contrary to the terms of this Order.

6  4.  The inadvertent or unintentional disclosure of "Confidential

7  Information" shall not be deemed a waiver in whole or in part of a party's claim of

8  confidentiality.  Any such inadvertently or unintentionally disclosed "Confidential

9  Information" shall be designated as "Confidential Information" as soon as reasonably

10  possible after the producing party becomes aware of the inadvertent or unintentional

11  disclosure and the producing party shall provide counsel for the other parties with a

12  duplicate copy bearing the legend "Confidential Information," whereupon the

13  unmarked copies will be returned or destroyed.

14  5.  Portions of transcripts of depositions, in which any "Confidential

15  Information" is quoted, paraphrased, discussed, or referred to, or in which the subject

16  matter covered by any "Confidential Information" is discussed or referred to, shall be

17  subject to the same confidential treatment as provided herein for the underlying

18  "Confidential Information" and shall be designated as confidential.  Requests for such

19  confidential treatment may be made at the deposition or at the latest within twenty

20  (20) calendar days after receipt of a transcript thereof.  All transcripts of depositions

21  shall be treated as Confidential for at least that 20-day period.

22  6.  Recognizing the legitimate confidentiality needs of the parties, all

23  discovery shall be used only by the parties to this action for purposes of resolution of

24  the claims asserted in this action, any trial and appeal of this action, and enforcement

25  of any award or judgment thereon.  Information designated as "Confidential

26  Information" under this Order, and any summaries, copies (including electronic

27  copies), abstracts, or other documents derived in whole or in part from information,

28  designated as Confidential, shall be used only by the parties to this action; for the

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108 2693
415.433.1940

3.

1  purpose of the prosecution, defense, or settlement of the claims asserted in this action,

2  any trial and appeal of this action and the enforcement of any award or judgment

3  based on such claims, and for no other purpose.

4           7.    "Confidential Information" produced pursuant to this Order may

5  be disclosed or made available only to counsel for a party (including the paralegal,

6  clerical, and secretarial staff employed by such counsel), to a trier of fact or law in any

7  forum in which the claims asserted in this action may be adjudicated or enforced and

8  the administrators of that forum, and to "Qualified Persons."  A Qualified Person is a

9  person who falls into one of the categories set forth below:

10          a.    A party, or a current or former officer, director, or employee of a

11 party deemed necessary by counsel to aid in the prosecution, defense or settlement of

12 this action;

13          b.    Experts or consultants (together with their staff) retained by such

14 counsel to assist in the prosecution, defense or settlement of this action provided;

15 however, that prior to disclosure of any "Confidential Information" to an expert or

16 consultant, the party that wishes to make the disclosure shall affirm that the expert or

17 consultant has not previously been retained by the non-disclosing party or a

18 competitor of the non-disclosing party.  (A competitor shall be defined as any discount

19 variety retailer.)  If the expert or consultant has been so retained, the parties shall meet

20 and confer with each other and, if necessary, submit the issue to the Court prior to the

21 disclosure to the expert or consultant of any "Confidential Information;"

22          c.    Witnesses testifying at deposition or at any hearing in this matter

23 either during their testimony or in preparation therefore; however, if a witness refuses

24 to sign the Nondisclosure Agreement, the parties shall meet and confer with each

25 other and, if necessary, submit the issue to the Court prior to the disclosure to the

26 witness of any "Confidential Information;"

27          d.    Any person to whom disclosure is reasonably necessary to enforce

28 any award or judgment rendered against any party in this proceeding; and

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108-2693
415.433.1940

4.

1    e.    Any other person ordered by the Court or as to whom all parties in
2    writing agree.

3    8.    Any person or entity to whom "Confidential Information" is
4    disclosed pursuant to Subparagraphs 7 (a)-(e), above, shall, prior to receiving such
5    Confidential Information, be provided with a copy of this Order and shall execute a
6    Nondisclosure Agreement in the form set forth in **Attachment A** hereto, such forms to
7    be maintained by counsel for the party sharing "Confidential Information" and
8    undertaking to have such forms executed.

9    9.    On the request of any party, any person who is not a Qualified
10   Person shall be excluded from any deposition during the period in which
11   "Confidential Information" is used, referred to or discussed.

12   10.    The parties may further designate certain discovery material,
13   testimony, or other information of an extraordinarily private, highly confidential, or
14   propriety nature as "CONFIDENTIAL INFORMATION -- COUNSEL ONLY"
15   (hereinafter "Counsel Only" Material in the manner described above.    Such
16   designation shall not be used routinely or to gain advantage in this litigation, but
17   rather shall be used only in exceptional cases where the protections afforded by the
18   "Confidential" classifications are insufficient.   "Counsel Only" Material, and the
19   information contained therein, shall be disclosed only to counsel for the parties
20   (including the paralegal, clerical, and secretarial staff employed by such counsel) and
21   to experts who execute **Attachment A**.   "Counsel Only" Material may not be
22   disclosed to opposing counsel's clients pursuant to Professional Rules of
23   Responsibility, Rule 3-700.   If disclosure of "Counsel Only" Material is made
24   pursuant to this paragraph, all other provisions in this Order with respect to
25   confidentiality shall also apply.

26   11.    The restrictions set forth in this Order shall not:
27   ///
28   ///

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

5.

       a.    Apply to any discovery matter which a party can show was lawfully possessed, obtained, or developed by it other than through discovery in this action;

       b.    Apply to any information which lawfully is or lawfully becomes public knowledge in a manner that is not in violation of this Order;

       c.    Operate as an admission by the recipient that any of the information contains or reflects "Confidential Information;"

       d.    Prejudice in any way the right of any party or non-party to object on any basis to the production of discovery matter it considers not subject to discovery;

       e.    Prejudice in any way the right of any party or non-party to seek a determination from the Court as to whether particular information shall be produced;

       f.    Prevent the parties from entering into a written agreement to alter or waive the provisions or protections provided herein, generally or with respect to any "Confidential Information;"  **Except that any such agreement, unless approved by the Court, shall not alter the terms of this order;  (FFM)**

       g.    Prejudice in any way the right of any party or non-party to seek such additional or other protection as that party may deem appropriate with regard to the confidentiality of the information;

       h.    Be construed to require any party to produce information that it considers privileged or otherwise not subject to discovery;

       i.    Be deemed a waiver of any objections a party otherwise would have to any discovery request propounded in this action or a waiver of any third party's claim to right of privacy.

       12.    This Order shall be without prejudice to the right of any party at any time after information is designated "Confidential Information" to file a motion with the Court, upon not less than ten (10) calendar days' notice to all parties:  (i) to challenge the designation of any particular document or information as Confidential or

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1    whether its use should be restricted, provided such party has first made a good-faith

2    attempt to resolve such question with the designating party; or (ii) seek a separate

3    protective order as to any particular document or information, including restrictions

4    differing from those as specified herein.  The Order shall not be deemed to prejudice

5    the parties in any way in any future application for modifications of this Order.  **Any**

6    **such motion must comply with Local Rule 37.  (FFM)**

7         13.    The parties will mark any document that they believe should be

8    filed under seal as "Counsel Only" Material.  Defendant's use of such designations

9    shall only apply to documents containing private, trade secret, business confidential,

10   and proprietary information of the Defendant, the public disclosure of which would be

11   detrimental to Defendant's competitive interests or the privacy rights of its current and

12   former employees.  The designation of a document in a manner that warrants sealing

13   shall be subject to a meet and confer requirement if objected to by the other party.

14   The sealing requirements of Local Rule 79-5.1 will apply to any document so

15   designated until and unless a Court orders that the documents are not subject to seal.

16   Should Plaintiff desire to file any document so marked by Defendant (that is

17   "Counsel-Only" Material), Defendant will prepare the "Notice of Request to Seal

18   Documents," a "Request to Seal Documents," a proposed order, and all documents

19   covered by the Request that are required by Local Rule 79-5.1.  Plaintiff's counsel

20   shall provide the document(s) to be so submitted to Defendant's counsel who will

21   attend to submitting such documents in accordance with the provisions of Local Rule

22   79-5.1.

23         14.    The burden of establishing that any information designated as

24   "Confidential Information" or "Counsel Only" Material meets the definitions set forth

25   herein shall be on the party that seeks to uphold the designation.  Any information or

26   documents designated as "Confidential Information," which are subject to sealing

27   motion pursuant to Paragraph 13 shall be treated as "Confidential Information" in

28   accordance with the terms of this Order until such time as the Court rules otherwise.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108-2693
415.433.1940

7.

15.     All documents produced in this proceeding shall be used by the party to whom such documents are produced solely for purposes of the investigation and/or resolution of the claims arising in this action, any trial and appeal of this action, and the enforcement of any award thereon and for no other purpose.

16.     Pursuant to FRE 502(d) and (e), the parties agree to and the Court orders protection of privileged and otherwise protected documents and electronically stored information against claims of waiver (including as against third parties and in other federal and state proceedings) in the event they are produced during the course of this litigation, whether pursuant to a Court Order, a party's discovery request, or informal production, as follows:

a.     The inadvertent production of documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, and work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such document, data or information.

b.     The inadvertent production of any document in this action shall not result in the waiver of any privilege, evidentiary protection, or other protection associated with such document as to the Receiving Party, or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

c.     If, during the course of this litigation, a party determines that any document produced by another party is on its face subject to a legally recognizable privilege or evidentiary protection, the Receiving Party shall: (a) refrain from reading the document any more closely than is necessary to ascertain that it is privileged;  (b) immediately notify the Producing Party in writing that it has discovered documents believed to be privileged or protected; (c) specifically identify the documents by Bates number range or hash value range, and, (d) where possible, return, sequester, or destroy all copies of such documents, along with any notes, abstracts or compilations of the content thereof, within five (5) days of discovery by the Receiving Party. Where such documents cannot be destroyed or separated it shall not be reviewed,

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

8.

1   disclosed, or otherwise used by the Receiving Party.  Notwithstanding, the Receiving

2   Party is under no obligation to search or review the Producing Party's documents to

3   identify potentially privileged or work product protected documents.

4          d.      If the Producing Party intends to assert a claim of privilege or other

5   protection over documents identified by the Receiving Party, the Producing Party will,

6   within five (5) business days of receiving the Receiving Party's written notification,

7   inform the Receiving Party of such intention in writing and shall provide the

8   Receiving Party with a log for such document, data or information that is consistent

9   with the requirements of the Federal Rules of Civil Procedure, setting forth the basis

10  for the claim of privilege or other protection, and in the event, if any portion of the

11  document does not contain privileged or protected information, the Producing Party

12  shall also provide to the Receiving Party a redacted copy of the document that omits

13  the information that the Producing Party believes is subject to a claim of privilege or

14  other protection.

15         e.      If, during the course of this litigation, a party determines it has

16  produced a document protected from discovery by a legally recognized claim of

17  privilege or other protection, the Producing Party may notify the Receiving Party of

18  such inadvertent production in writing, and demand the return of such documents.

19  Such notice shall be in writing; however, it may be delivered orally on the record at a

20  deposition, promptly followed up in writing.  The Producing Party's written notice

21  will identify the document, data and/or information inadvertently produced by bates

22  number range or hash value range, the privilege or protection claimed, and the basis

23  for the assertion of the privilege and shall provide the Receiving Party with a log for

24  such document that is consistent with the requirements of the Federal Rules of Civil

25  Procedure, setting forth the basis for the claim of privilege or other protection, and in

26  the event any portion of the document that does not contain privileged or protected

27  information, the Producing Party shall also provide to the Receiving Party a redacted

28  copy of the document that omits the information that the Producing Party believes is

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

9.

subject to a claim of privilege or other protection.  After receiving such written notification, the Receiving Party must, within five (5) business days of receiving the written notification, return, sequester, or destroy the specified document and any copies, along with any notes, abstracts, or compilations of the content thereof.

f.   To the extent that an inadvertently produced document has been loaded into a litigation review database, the Producing Party can elect to either (i) have the document returned or destroyed via an extraction of the electronic copies from the database; or (ii) have the document disabled from further use or otherwise rendered inaccessible to the Receiving Party in the litigation review database.  If the Producing Party selections option (i), it shall bear the costs of the return or destruction of such electronic copies.

g.   To the extent that the information contained in a document subject to a claim of privilege or other protection has already been used in or described in other documents generated or maintained by the Receiving Party, then the Receiving Party will sequester such documents until the claim has been resolved.  If the Receiving Party disclosed the specified document before being notified of its inadvertent production, it must take reasonable steps to retrieve it. The Producing Party shall preserve the specified document until the claim is resolved.

h.   The Receiving Party's return, sequestering, or destruction of such privileged or protected documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered, or destroyed documents on the ground that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, the Receiving Party is prohibited and estopped from arguing that the production of the documents in this matter acts as a waiver of an applicable privilege or evidentiary protection, that the disclosure of the documents was not inadvertent, that the Producing Party did not take reasonable steps to prevent the disclosure of the privileged documents or that the producing party failed

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

i.   Either party may submit the specified documents to the Court under seal for a determination of the claim of privilege or other protection and will provide the Court with the grounds for the asserted privilege or protection. The Receiving Party may not use the documents for any purpose absent this Court's Order. Any party may request expedited treatment of any request for the Courts determination of the claim.

j.   Upon a determination by the Court that the specified documents are protected by the applicable privilege or evidentiary protection, and if the specified documents have been sequestered rather than returned or destroyed, the specified documents shall be returned or destroyed.  The Court may also order the identification and/or review of documents that have been identified as being potentially subject to a legally recognized claim by search terms or other means.

k.   Nothing contained herein is intended to, or shall serve to limit a party's right and obligation to conduct a review of documents for relevance, responsiveness, or the segregation of privileged and/or protected information.

17.   All "Confidential Information" or "Counsel-Only" information shall be returned to the Producing Party as follows:

a.   Within thirty (30) calendar days of the conclusion of the Litigation by settlement, dismissal or entry of judgment, and subject to sub-paragraphs (c) and (d) below, all "Confidential Information" or "Counsel-Only" information, including any and all copies (including electronically-stored copies), abstracts, summaries, physical media by which data was transmitted, and readable reports or output from the physical media by which data was transmitted, shall be returned to the producing party.  Counsel for each party shall additionally certify to counsel for the opposing party, in writing, that any and all such "Confidential Information" or "Counsel-Only" information, including any and all copies (including electronically-stored copies),

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

abstracts, summaries, physical media by which data was transmitted, and readable reports or output from the physical media by which data was transmitted, or produced by the opposing party, has been returned.

b.    If "Confidential Information" or "Counsel-Only" information is furnished to outside experts or consultants pursuant to paragraph 7(b), the attorney for the party using such expert or consultant shall have the responsibility of ensuring, within thirty (30) calendar days of the termination of the litigation, that all such "Confidential Information" or "Counsel-Only" information including any and all copies (including electronically-stored copies), abstracts, summaries, physical media by which data was transmitted, and readable reports or output from the physical media by which data was transmitted, is returned to the producing party, and so certifying in writing as provided in sub-part (a) above.

c.    Counsel of record for the parties may indefinitely retain one copy of any part of the "Confidential Information" or "Counsel-Only" information produced by others that has become part of the official record of this litigation as well as abstracts or summaries of materials that reference "Confidential Information" or "Counsel-Only" information that contain counsels mental impressions or opinions. Such copy shall remain subject to the terms of this Protective Order and shall not be used by the Receiving Party for any other purpose whatsoever, including but not limited to, other litigation.

18.    Under this Order, Professional Rule of Conduct 3-700 is inapplicable to the "Confidential Information" produced by the opposing side in discovery; and no copies (electronic or otherwise) of an opposing party's "Confidential Information" shall be retained as part of any "client file" at the conclusion of this litigation.

19.    **If any party receives a subpoena from any non-party seeking production or disclosure of "Confidential Information" or "Counsel-Only" Information, the subpoenaed party will give notice, as soon as practicable and in**

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108-2693
415.433.1940

12.

1 **no event more than five business days after receiving the subpoena, to counsel for**

2 **the designating party, which notice will enclose a copy of the subpoena.   The**

3 **purpose of such notice is to provide the designating party with the opportunity to**

4 **assert its rights, if any, to non-disclosure.   The subpoenaed party shall not**

5 **produce any documents responsive to such subpoena prior to the date set for**

6 **production in the subpoena.  (FFM)**

7          20.    This Order shall survive the final termination of this action and the

8 Court shall retain jurisdiction to enforce, construe, or modify its terms for three (3)

9 years after the final disposition of this action.

10          Once executed by all parties, the Stipulation shall be by treated by the

11 Parties as an Order of the Court pending its formal approval by the Court.

12

13 Dated:   April 22, 2013

14

15                         */S/ FREDERICK F. MUMM*
                          FREDERICK F. MUMM

16                         United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

# EXHIBIT A

## AGREEMENT TO BE BOUND BY
## STIPULATED PROTECTIVE ORDER

The undersigned hereby acknowledges that he or she has read the Confidentiality Stipulation and Protective Order entered into on behalf of the parties to *OSCAR MOLINA and SYLVIA GARCIA, individuals v. DOLLAR TREE STORES, INC., a Virginia Corporation; and DOES 1 through 50, inclusive,* SACV12-1428 JST (FFMx); that he or she understands the provisions prohibiting the disclosure of confidential information for any purpose or in any manner not connected with the prosecution or defense of this action; and that he or she agrees to be bound by all provisions of that order.  The undersigned further agrees that when he/she is notified that this lawsuit has been finally concluded, the undersigned is obliged to return to the counsel who produced the documents to him/her any "CONFIDENTIAL" Discovery Materials in his/her possession so that such counsel may return all such documents to the producing party.


DATED: _____        _____
                               Signature

                               _____
                               Print Name

Firmwide:114319685.3 061603.1076

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940